UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES R. VINNEDGE,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. ED CV 09-01057-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

    Plaintiff raises the following issues:

    1.    Whether the Administrative Law Judge ("ALJ") properly

|   |   |   |
|---|---|---|
| 1 |   | considered the treating physician's opinion regarding Plaintiff's diagnosed schizophrenia; |
| 3 | 2. | Whether the ALJ properly considered Plaintiff's testimony; |
| 4 | 3. | Whether the ALJ properly considered the type, dosage and side effects of Plaintiff's prescribed medications; and |
| 6 | 4. | Whether the ALJ posed a complete hypothetical question to the vocational expert. |

(JS at 2.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**NO ERROR WAS COMMITTED BY THE ALJ**

**CONCERNING PLAINTIFF'S ASSERTED DIAGNOSIS OF SCHIZOPHRENIA**

In his Decision (AR 8-14), the ALJ found that Plaintiff has severe impairments of HIV, Hepatitis C virus, irritable bowel syndrome and diarrhea and asthma (AR 10); however, the ALJ found no mental impairment. Plaintiff asserts this is error, because he suffers from schizophrenia. (JS at 3, et seq.) Plaintiff traces this diagnosis to a physician's assistant note of January 6, 2009 from the Arrowhead Regional Medical Center emergency room. (AR 284-285.) There, the physician's assistant noted, "HIV, Hep C, schizophrenia." (AR 284.)

There are numerous fatal errors in Plaintiff's analysis. First, the physician's assistant is not a recognized and acceptable medical source as defined under 20 C.F.R. §§416.902, 416.913(a). Next,

contrary to Plaintiff's assertion, this was not a diagnosis of a treating source.  It is clear that the physician's assistant saw Plaintiff on a one-time basis in the emergency room.  In any event, the assertion of schizophrenia is based on literally one word in an entire medical record.  There are absolutely no treatment or diagnostic records which would support a conclusion that Plaintiff suffers from schizophrenia.  Even Plaintiff's own testimony at the hearing before the ALJ does not support such a diagnosis.  At most, Plaintiff believes he was diagnosed with ADD (Attention Deficit Disorder). (AR 36.)  Finally, any supposed symptoms of schizophrenia, which Plaintiff characterizes as extreme exhaustion and "feelings of lifelessness," are at most traceable as side effects of his medications, not as symptoms of schizophrenia. (AR 34-35.) Plaintiff's own testimony was that he sometimes "hallucinate(s) a little bit) as side effects of the medications, not as a result of schizophrenia. (AR 35.)

All in all, there is simply not a shred of credible evidence in the record that Plaintiff is suffering from schizophrenia or any other mental condition.  Plaintiff's first issue has no merit.

**II**

**THE ALJ DID NOT PROPERLY EVALUATE PLAINTIFF'S CREDIBILITY**

As noted, Plaintiff has severe impairments of HIV, Hepatitis C virus, irritable bowel syndrome with diarrhea and asthma. (AR 10.) Plaintiff testified that he is frequently fatigued, that he needs to lay down during the day, and that his prescribed medications cause him to hallucinate, make him feel lifeless, and drowsy during the day. (AR 25-35.)  On March 13, 2008, Plaintiff reported that he is extremely

1 exhausted, constantly has to use the restroom, and is wasting, and has
2 lost 30 pounds since November 2007 due to the bowel syndrome disease
3 which was brought on by the HIV. (AR 262.)

4 　　　In evaluating Plaintiff's credibility as to these subjective
5 symptoms, the ALJ noted certain commonly utilized credibility factors,
6 but as to Plaintiff, the ALJ found that his credibility was
7 depreciated because, despite asserting that he faithfully kept his
8 medical and mental health appointments and is always on time, he
9 failed to appear on three occasions for such appointments. (AR 12.)
10 Further, and apparently in support of the ALJ's credibility
11 conclusion, it was found that while Plaintiff testified that his
12 health condition prevented him from lifting or carrying tools, in fact
13 he had been hit in the hand by a hammer.  Moreover, while Plaintiff
14 testified he never swung or was hit by a bat, this apparently was
15 contradicted by the medical record which indicates that three months
16 before the hearing, it was reported that he injured his left elbow
17 after being struck by a bat. (AR 12.)  As the Court will note, this is
18 an entirely insufficient and inadequate credibility analysis.

19 　　　The symptoms to which Plaintiff testified are serious and may be
20 debilitating, and the Court can take notice that these might be common
21 or expected symptoms in a person who is suffering from HIV and/or
22 Hepatitis C, and is taking medications for these conditions, as is
23 Plaintiff.

24 　　　The applicable law on credibility analysis is contained in both
25 case law and regulation.  See Social Security Ruling ("SSR") 96-7p;
26 Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

27 　　　Here, the fact that Plaintiff missed three medical appointments
28 while he believed that he did not miss appointments is, at best, a

4

fragile and peripheral factor on which to determine his credibility. It might be observed that people often forget that they miss appointments, whether these are for medical purposes, car repair, or other things. The Commissioner's dire characterization that "Plaintiff lied" about these appointments is an overstatement, and is, further, speculative.

Even as to the general factors cited by the ALJ, the Court has some concern. Thus, the ALJ cites the factor of whether a person has a pecuniary interest in the outcome of a hearing or may otherwise be motivated by secondary gain as a credibility factor. But if that were the case, then every Social Security claimant would have a strike based on the fact that an award of benefits is the ultimate objective in filing an application with the Social Security Administration. Indeed, the ALJ's statement that "one factor which is present in every case is whether the person has a pecuniary interest in the outcome of the proceeding or may otherwise be motivated by secondary gain" (AR 12) imparts into the proceedings a credibility assessment factor which is not found in the applicable regulation (20 C.F.R. §§404.1529 and 416.929) or in the applicable Social Security Ruling (SSR 96-7p). The ALJ should be counseled that this is a fundamental, indeed structural error if utilized, as in this case, in the credibility analysis.

Finally, the notation in the decision that there is some contradiction in the reason provided why Plaintiff cannot carry tools is, at best, de minimis. Whether or not Plaintiff was hit by a hammer, it may well be that he cannot lift or carry tools because he simply does not have the strength. As Plaintiff noted, he had lost 30 pounds in a period of just a few months between 2007 and 2008. This would indicate a severe debilitation in Plaintiff's physical

condition.

For the foregoing reasons, the Court finds that the ALJ's credibility analysis was inadequate, and on remand, Plaintiff's credibility will be determined pursuant to the evidence and the applicable criteria for credibility determination.  Plaintiff's failure to keep the three appointments will not be considered as a relevant factor when his credibility is revisited on remand.

The Court will here address the third issue, which concerns evaluation of side effects of medications.  The Commissioner argues that because Plaintiff's credibility was discounted, the ALJ was not obligated to expressly discuss Plaintiff's claims of side effects of medication. (JS at 16.)  But, since the Court has already invalidated the ALJ's credibility determination, that issue will be revisited on remand.  The Court is aware that many medications utilized to treat HIV may cause side effects similar to those of which Plaintiff claims. In this case, therefore, if there is no specific medical evidence in the record at this time concerning such side effects, then the record must be developed, so that the ALJ can determine whether Plaintiff's claims of these serious side effects from his medications are in fact valid.

Plaintiff's fourth issue regarding the insufficiency of the hypothetical question posed to the vocational expert ("VE") need not be considered here, because of the Court's finding of error as to Issues Two and Three.  Depending of the findings and the medical evidence which is developed on remand as to these issues, the hypothetical questions posed to the VE at a subsequent hearing may well incorporate different limitations then the hypothetical questions posed at the hearing in this record.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: February 4, 2010            /s/
                         VICTOR B. KENTON
                         UNITED STATES MAGISTRATE JUDGE